UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRIAN E. SCHMIEGE,

                               Plaintiff,                    9:22-cv-1371
                                                      (ECC/PJE)

v.

DEPUTY SECURITY STACHOWSKI, et al.,

                               Defendants.

---

**Appearances:**

Brian E. Schmiege, *Pro Se Plaintiff*
Aimee Cowan, Asst. Att'y Gen., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Brian Schmiege commenced this civil rights action under 42 U.S.C. § 1983 asserting claims for the violation of his constitutional rights at Auburn Correctional Facility (C.F.). Dkt. No. 1.  On August 26, 2024, Defendants Harvey, Howard, Marren, Pflueger, Stachowski, and Vitale filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a), seeking dismissal of Plaintiff's claims against them.  Dkt. No. 57.  On April 28, 2025, Defendant Hamilton filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a), also seeking dismissal of the claims against him. Dkt. No. 83.  This matter was assigned to United States Magistrate Judge Paul J. Evangelista, who issued Report-Recommendations recommending that the respective motions for summary judgment be granted in part and denied in part.  Dkt. Nos. 80, 95.  Defendants Pflueger and Harvey filed timely objections on April 25, 2025.  Dkt. No. 81.

## II.   STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III.   BACKGROUND

Chief U.S. District Judge Brenda K. Sannes initially reviewed Plaintiff's pro se Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and determined that the following claims survived the Court's sua sponte review under those standards: (1) Eighth Amendment excessive force claims against Defendants Pflueger, Marren, Vitale, Howard, Harvey, and Hamilton, arising from (a) an alleged assault of Plaintiff in his cell on July 27, 2022, and (b) another inmate's alleged assault of Plaintiff on August 12, 2022; (2) Eighth Amendment failure-to-protect claim against Defendant Stachowski; and (3) First Amendment retaliation claims arising from (a) Defendants Hamilton, Howard, Marren, Vitale, and Pflueger's alleged incitement of another inmate to assault Plaintiff in August 2022 in retaliation for Plaintiff's letters and complaints related to a March 2020

assault, and (b) Defendant Pflueger's alleged issuance of a false misbehavior report in retaliation for Plaintiff's July 2022 grievance against Pflueger. Dkt. No. 10.

Defendants moved for summary judgment, seeking dismissal of the Complaint in its entirety. Dkt. Nos. 57, 83. With respect to Defendants' argument concerning Plaintiff's failure to exhaust his administrative remedies, Magistrate Judge Evangelista determined that Plaintiff failed to raise a question of material fact as to whether he exhausted his administrative remedies for the alleged assault on July 27, 2022. Dkt. Nos. 80 at 16-33; 95 at 16-31. Magistrate Judge Evangelista also found that Plaintiff failed to raise a question of material fact as to whether he exhausted his administrative remedies with respect to Defendant Stachowski's alleged failure to protect him. Dkt. No. 80 at 22-24, 30. Accordingly, Magistrate Judge Evangelista recommended dismissal of these claims. Magistrate Judge Evangelista further deemed Plaintiff's retaliation claim against Pflueger arising from an alleged false misbehavior report issued on July 27, 2022 to be abandoned. Dkt. No. 80 at 7 n. 8.

Alternatively, Magistrate Judge Evangelista determined that Plaintiff exhausted his administrative remedies with respect to his retaliation claim surrounding the August 12, 2022 assault. Dkt. Nos. 80 at 24-25; 95 at 22-24. With respect to the merits of Plaintiff's retaliation claim, Magistrate Judge Evangelista concluded that Plaintiff failed to raise a question of material fact as to Defendants Howard, Vitale, and Marren's lack of personal involvement, but that summary judgment should be denied as to Plaintiff's retaliation claims against Defendants Pflueger, Harvey, and Hamilton. Dkt. Nos. 80 at 33-42; 90 at 31-39.

IV.    **DISCUSSION**

    A.    **First Amendment Retaliation**

        1.    **Failure to Exhaust Administrative Remedies**

Defendants Pflueger and Harvey[1] object to Magistrate Judge Evangelista's determination that Plaintiff properly exhausted his administrative remedies with respect to the First Amendment retaliation claim arising from the August 12, 2022 assault. Dkt. No. 81 at 7. Specifically, they contend that Plaintiff's grievance did not properly alert the facility to the existence of a retaliation claim against Pflueger and Harvey, who were not specifically named in the grievance. Defendants contend that the underlying facts are analogous to the court's determination in *Solano v. Aubin,* No. 20-cv-1378 (BKS/ML), 2023 WL 5200397 (N.D.N.Y. Aug. 14, 2023).

On August 31, 2022, Plaintiff prepared a "Grievance Complaint" alleging that he was assaulted by another incarcerated individual at Auburn C.F. who was "told to kill" Plaintiff by "orders of security staff at Auburn C.F." Dkt. No. 57-15 at 4. Plaintiff did not identify the corrections officers by name in his grievance. *Id.* He did, however, provide other information, including that they were the same corrections officers against whom he had previously been awarded a court settlement, who were facing criminal charges related to a prior assault on Plaintiff, and that the corrections officers were "caught on audio and video camera footage" inciting the "hit" on Plaintiff. *Id.*

Plaintiff's grievance was denied in a September 30, 2022 Superintendent Response, which stated in relevant part:

> The Grievant states on 8/12/22 they were violently assaulted by another [incarcerated individual] at Auburn CF. They state security told the [incarcerated

---

[1] Defendant Hamilton did not submit any objections to Magistrate Judge Evangelista's recommendation that his motion for summary judgment on Plaintiff's retaliation claim based on failure to exhaust be denied.

4

individual] to kill them.  They state this happened because they filed a lawsuit against staff and won.

Per the investigation, when interviewed grievant was uncooperative, refusing to speak with the [sergeant], and no staff were identified in his grievance, therefore, based on this investigation, grievant's allegations could not be substantiated.

Dkt. No. 57-15 at 5.

Plaintiff appealed the decision of the Superintendent, indicating that the "audio [and] video camera footage" his lawyer obtained via a FOIL request depicted the security staff involved in the incident.  Dkt. No. 57-15 at 5.  Plaintiff further stated that "no one ever came to talk" to him about the grievance.  *Id.*  A memorandum in the record suggests that Plaintiff refused to speak to an investigating sergeant about this grievance because he was not of a "high enough rank."  *Id.* at 6.

On these facts, Magistrate Judge Evangelista properly denied the Defendants' motion to dismiss Plaintiff's relation claim for failure to exhaust his administrative remedies.  As the court in *Solano* noted, "[A] claim may be exhausted when it is closely related to, but not explicitly mentioned in an exhausted grievance," *Barnes v. Annucci*, No. 15-cv-0777, 2019 WL 1387460, at *10 (N.D.N.Y. March 12, 2019), and a grievance need not identify by name those accused of misconduct, *see Espinal v. Goord*, 558 F.3d 119, 127 (2d Cir. 2009).  As explained by the Second Circuit, a grievance is sufficient to "advance the benefits of exhaustion" where "prison officials had the necessary information to investigate the complaints and the opportunity to learn which officers were involved in the alleged incident."  *Espinal*, 558 F.3d at 127.  In this case, Plaintiff's August 31, 2022 grievance placed prison officials on notice of his claim that he had been assaulted by another incarcerated inmate at the direction of other corrections officers because of his prior actions.  Although it did not identify the corrections officers by name, it provided other information from which investigating officials could learn their identity, including notice of relevant video footage.  There is also no question that the facility knew the identity of the incarcerated individual

5

who attacked Plaintiff on August 12th, and that Plaintiff was subject to a disciplinary hearing as a result of the assault. Dkt. No. 57-14 at 103-04. Defendants do not contend that they pursued any information other than attempting an interview with Plaintiff, and Plaintiff disputes their contention that he refused an interview regarding the grievance. Moreover, Defendants cannot meaningfully argue that the grievance did not give adequate notice of Plaintiff's retaliation claim, in light of the Superintendent's summary of the grievance explicitly noting Plaintiff's claim that the assault was because of Plaintiff's prior lawsuits.

In *Solano,* the factual allegations in plaintiff's grievance were limited to a single claim of assault against a specific corrections officer. 2023 WL 5200397, at *6. Solano subsequently filed suit against other corrections officers for excessive force and failure to intervene, allegedly related to the incident cited in the grievance. *Id.* at *7. Under those circumstances, the court found that "[p]laintiff's grievance, which does identify by name one individual and makes no mention of the presence—let alone the actions or inaction—of any others, fails to provide the requisite notice." *Id.* at *7. The court cited to caselaw suggesting that the deficiency was based in large part on plaintiff's failure to alert prison officials that his complaint in any way exceeded the scope of the isolated allegation of assault by a single corrections officer. *See id.* (citing *Thousand v. Corrigan*, No. 15-cv-1025, 2017 WL 1093275, at *4 (N.D.N.Y. Mar. 23, 2017) ("Plaintiff concedes that the grievance 'makes no mention of any other correction officer being present or taking part in the assault.' Plaintiff also conceded that his grievance made no mention of any bystander who witnessed the assault[ ] and did not mention any failure to protect or intervene by any correction official. In light of these and other admissions, . . . Plaintiff's grievance was insufficient to alert 'the prison officials that he was alleging some wrongdoing beyond that alleged against the individual or individuals specifically named in the grievance.'" (citations omitted)); *Peele v.*

6

*Donah*, No. 15-cv-317, 2016 WL 4400473, at *5–6 (N.D.N.Y. June 14, 2016) (recommending denial of the defendants' motion for summary judgment where the plaintiff had failed to identify some correction officer defendants by name in his grievance but had alleged that "other officers" were involved in the incident), *report and recommendation adopted*, 2016 WL 4386019 (N.D.N.Y. Aug. 17, 2016)).

Here, however, the conduct that Plaintiff complained of – assault and retaliation –  was sufficiently identified in his grievance.  To the extent the defendants are not specifically identified, the grievance provided "the necessary information to investigate the complaints and the opportunity to learn which officers were involved in the alleged incident." *Espinal*, 558 F.3d at 127. Defendants Pflueger and Harvey thus fail to meet their burden on summary judgment of proving failure to exhaust.  Accordingly, the Court accepts Magistrate Judge Evangelista's recommendation denying summary judgment to Defendants Pflueger and Harvey on Plaintiff's First Amendment retaliation claims for failure to exhaust administrative remedies, and their motion is denied in this respect.

### 2.    Merits

Defendants Pflueger and Harvey object to Magistrate Judge Evangelista's determination that a genuine issue of material fact exists regarding their retaliatory intent, precluding summary judgment on the merits of Plaintiff's retaliation claims against them.  Dkt. No. 81 at 10-13. Defendants contend that Magistrate Judge Evangelista improperly expanded the scope of the alleged retaliation to include protected conduct other than the letters/complaints Plaintiff filed in August 2022 about his March 2020 assault, and that no reasonable factfinder could conclude that the assault happened as a result of Pflueger's retaliatory intent.  Dkt. No. 81 at 11-13.  Defendants further contend that Magistrate Judge Evangelista erred in construing a retaliation claim against

Defendant Harvey, and that Harvey cannot be liable for retaliation because he was not working at the facility on the date of the assault. *Id.* at 13-15.

The Complaint alleges that on August 8, 2022, incarcerated individual Quick approached Plaintiff and threatened him because "the C.O.'s" were complaining that Plaintiff

> was a problem [and] . . . making D-Block-5 Company "hot" by dropping grievances and writing letters to Deputy Security Stachowski [and] Superintendent Corey about [Plaintiff] being a victim of a racist hate crime [and] . . . being violently assaulted by the C.O.'s back on 3/19/2020 at Auburn C.F.

Dkt. No. 1 at 7-8. The Complaint further alleges that on August 12, 2022, Defendants Howard, Hamilton, Marren, Vitale, and Pflueger "all gave [Quick] orders to assault [Plaintiff and] stab [him] to death[.]" *Id.* at 8. Quick attacked Plaintiff that morning.

At his deposition, Plaintiff testified that Quick "threatened to kill" him prior to the assault. Dkt. No. 57-14 at 76-77. Specifically, Quick told Plaintiff on August 8, 2012 that Defendants Harvey and Hamilton had approached Quick and stated that Plaintiff was "making it fucking hot." *Id.* at 78. Quick told Plaintiff, "they're telling me that I can't do what I want to do if you keep on making the block hot, and they're telling me that I got to get you the fuck out of here." *Id.* at 79.

Plaintiff further testified that he observed Defendants Hamilton and Harvey standing outside Quick's cell the morning of August 12, 2022. Dkt. No. 57-14 at 100-01. Plaintiff did not hear their conversation, and testified that the corrections officers stopped at Quick's cell every morning to "get an update or something of that nature." *Id.* at 103. Plaintiff then observed Quick come out of his cell and walk down toward the corrections officers, to have a conversation with them. *Id.* When the corrections officers subsequently announced the chow run, Plaintiff's cell was the only cell out of the forty cells on the block that opened, which was not normal. *Id.* Plaintiff testified that all of the corrections officers named in the Complaint were standing at the end of the

8

company.  Dkt. No. 57-14 at 92-93, 95.[2]  During the assault, they "were just standing there, watching it.  They weren't trying to help [Plaintiff] . . . . They stood there and let it happen."  *Id.*  Plaintiff testified that the assault by Quick was retaliation for his grievance complaining about Pflueger's conduct on July 27, 2022.  *Id.* at 114-16; *see* Dkt. No. 57-5 at 13.

To establish a First Amendment retaliation claim, a plaintiff must show: "that (1) the conduct at issue was constitutionally protected, (2) the alleged retaliatory action adversely affected his constitutionally protected conduct, and (3) a causal relationship existed between the constitutionally protected conduct and the retaliatory action." *Wrobel v. Cnty. of Erie*, 692 F.3d 22, 27 (2d Cir. 2012) (citation omitted). Moreover, he must establish the personal involvement of each defendant. *See Raspardo v. Carlone*, 770 F.3d 97, 115-16 (2d Cir. 2014).  As Magistrate Judge Evangelista correctly noted, Plaintiff's grievances and letters complaining about the Defendant corrections officers' conduct constitute protected conduct.  *Davis v. Goord*, 320 F.3d 346, 352-53 (2d Cir. 2003).  Furthermore, inciting one incarcerated individual to attack another may constitute adverse action.  *Brandon v. Kinter,* 938 F.3d 21, 42 (2d Cir. 2019) ("We not doubt that exposing a prisoner to potential assault by another inmate can constitute an adverse action[.]").

Pflueger denies ever directing or requesting that Quick assault Plaintiff, and contends that he is unaware of any complaints filed in August 2022 about an alleged March 2020 assault.  Dkt. No. 57-11 ¶¶ 7-8.  According to Plaintiff's testimony, Pflueger is not one of the corrections officers Quick identified on August 8th as directing the assault for retaliatory purposes, nor did Pflueger approach Quick's cell immediately before the assault on August 12th.  Dkt. No. 57-14 at 78, 100-01.  The only evidence linking Pflueger to the assault is Plaintiff's testimony that Pflueger was one

---

[2] When Plaintiff later responded to a question by defense counsel confirming the list of individuals standing at the end of the company during the assault, neither counsel nor Plaintiff specifically identified Defendant Howard.  Dkt. No. 57-14 at 95.

of many corrections officers present on the block, he observed the assault take place, and failed to take any action. Even if this evidence was sufficient to maintain an Eighth Amendment claim for failure to intervene, there is nothing in the record to suggest that Pflueger's conduct – standing and watching the assault – was for retaliatory purposes beyond the temporal proximity between Plaintiff's grievances/letters about Pflueger, and the assault by another incarcerated individual to whom Pflueger has no apparent connection. This is insufficient to defeat summary judgment. *See Williams v. King*, 763 F. App'x 36, 38–39 (2d Cir. 2019) ("The only evidence demonstrating a retaliatory motive is temporal proximity which, alone, is insufficient to defeat summary judgment."). Accordingly, the Court rejects Magistrate Judge Evangelista's recommendation denying summary judgment to Defendant Pflueger on Plaintiff's First Amendment retaliation claim against him, and Defendant Pflueger's motion is granted in this respect.

The Court reaches a different conclusion with respect to Defendant Harvey.[3] Harvey denies directing or requesting that Quick assault Plaintiff on August 12, 2022. Dkt. No. 81-1 ¶ 4. Harvey also maintains, and submits evidence, indicating that he was not working at the facility on August 12th. Dkt. Nos. 81-1 at ¶ 5, 81-2 at 1-3. Nevertheless, even if Harvey has established he was not at the facility the morning of the attack, a genuine dispute of material fact exists as to whether he instructed Quick to assault Plaintiff prior to that day. Viewing the evidence in the light most favorable to Plaintiff, Harvey and Hamilton approached Quick sometime prior to August 12th directing him to attack Plaintiff because of the effect his grievances were having on them, i.e.

---

[3] To the extent Defendants contend there is no surviving retaliation claim against Harvey, the Complaint and evidence of record are reasonably construed to plausibly allege such a claim. The Complaint refers to "the C.O.'s" who directed Quick to assault Plaintiff on August 8, 2022, and further discovery clarifies the pro se Plaintiff's position that Harvey directed the assault on Plaintiff and was at Quick's cell immediately prior to assault. Moreover, construing such a claim against Harvey presents no prejudice to Defendants, to the extent the Court has considered the supplemental arguments and exhibits contained in their objections to address this claim.

making the block "hot."   These statements, coupled with the temporal proximity between plaintiff's grievances/letters and the assault on August 12th, are sufficient to create a genuine dispute of material fact as to the First Amendment retaliation claim against Harvey.  Accordingly, the Court adopts Magistrate Judge Evangelista's recommendation denying summary judgment to Defendant Harvey on Plaintiff's First Amendment retaliation claim, and Defendant Harvey's motion is denied in this respect.

### B.      Eighth Amendment Claims Premised on August 12, 2022 Assault

The Court seeks to clarify the status of Plaintiff's Eighth Amendment claims arising from the August 12, 2022 assault.  Chief Judge Sannes previously determined that Plaintiff's Eighth Amendment excessive force claims against Pflueger, Marren, Vitale, Howard, Harvey, and Hamilton survived sua sponte review and require a response.  Dkt. No. 10 at 11-12.  Although not explicitly stated in the decision and order, this included Plaintiff's allegations arising from the Defendants' alleged incitement of an attack on Plaintiff by another incarcerated individual.  Chief Judge Sannes specifically noted in her decision permitting these claims to proceed that "[a]llegations that a correctional officer made statements intending to incite others to attack an inmate may state a claim under the Eighth Amendment."  *Id.* (citing *Phillips v. Cortland Cnty. Sheriff's Dep't*, No. 5:13-CV-00955, 2013 WL 5464908, at *4 (N.D.N.Y. Sept. 30, 2013), *report and recommendation adopted*, 2013 WL 6799342 (N.D.N.Y. Dec. 20, 2013)).

Although the Defendants' motions for summary judgment seek dismissal of the Complaint in its entirety, the Defendants do not address or request relief concerning Plaintiff's Eighth Amendment claims arising from the August 12, 2022 assault.  Notably, in reciting the claims surviving Chief Judge Sannes' review of the Complaint, the Defendants only refer to the Eighth Amendment excessive force claims arising from the alleged incident on July 27, 2022.  Dkt. No.

11

57-2 at 8-9.  The Court has some concerns that this oversight may have implicated Defendants'

obligation to provide mandatory disclosures relevant to this claim, which at this juncture is still

posed to proceed to trial.  Accordingly, Defendants are directed to provide the Court with a status

update within 20 days of the date of this decision and order, indicating whether they satisfied their

discovery obligations with respect to this claim.  Defendants should also state their position on

whether the Court should grant leave to file a motion for summary judgment limited to this claim.

### C.      Remainder of the Report-Recommendations

The Court otherwise reviews the remainder of the Report-Recommendations for clear error

and, having found none, adopts the remainder of the Report-Recommendations in their entirety.

## V.      CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Evangelista's Report-Recommendations, Dkt. Nos. 80,

95, are **ADOPTED in part** and **REJECTED in part**;[4] and it is further

**ORDERED** that Defendants' motions for summary judgment, Dkt. Nos. 57, 83, are

**GRANTED in part** and **DENIED in part**;[5] and it is further

**ORDERED** that, within twenty (20) days of this Memorandum-Decision and Order,

Defendants shall file a status update indicating whether they satisfied their discovery obligations

with respect to Plaintiff's surviving Eighth Amendment claims stemming from an alleged assault

---

[4] The Report-Recommendations are rejected insofar as they recommend not dismissing Plaintiff's First Amendment retaliation claim against Defendant Pflueger relating to the August 12, 2022 assault, and to the extent they can be construed to limit Defendants' surviving excessive force claims as not including those arising from the August 12th assault by another incarcerated individual.

[5] As a result of this Memorandum-Decision and Order, the only remaining claims are Plaintiff's First Amendment retaliation claims against Defendant Harvey and Hamilton, and Eighth Amendment claims stemming from the August 12, 2022 assault by another incarcerated individual.

by another incarcerated individual on August 12, 2022, as well as Defendants' position on whether the Court should grant leave to file a motion for summary judgment limited to this claim; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 12, 2026

Elizabeth C. Coombe
U.S. District Judge

13